UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SIERRA PACIFIC INDUSTRIES, INC.,<br><br>Defendant. | Case No. 3:23-cv-5163<br><br>**COMPLAINT FOR DECLARATORY RELIEF ON INSURANCE COVERAGE** |

For its complaint for Declaratory Relief against Defendant Sierra Pacific Industries, Inc., Plaintiff Crum & Forster Specialty Insurance Company alleges as follows:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Crum & Forster Specialty Insurance Company is a Delaware corporation with a principal administrative office in Morristown, New Jersey.

2. Defendant Sierra Pacific Industries, Inc., is on information and belief a California corporation with a principal office in Anderson, California.

3. This Court has original jurisdiction over this matter pursuant to 28 USC §1332, diversity, because plaintiff is a citizen of New Jersey, defendant is not a citizen of New Jersey, and the amount controversy exceeds $75,000 exclusive of interest and costs.

4.     The Court has the authority to grant the relief requested pursuant to 28 USC §§2201 and 2202, as well as Rule 57 of the Federal Rules of Civil Procedure, because this action seeks adjudication of an actual, ripe and justiciable controversy that has arisen between the parties. Plaintiff Crum & Forster seeks declaratory relief stating that it has no contractual duty to defend and/or indemnify Defendant Sierra Pacific for the claims made against it in *Estate of Ford v. Gary Irvin and Sierra Pacific Industries,* filed on the docket of the Superior Court of the State of Washington for Pierce County, at No. 22-2-06558-9 (the "underlying action").  A true and correct copy of the underlying action is attached as Exhibit A.

5.     Venue is proper in this District pursuant to 28 USC §1391 because this case involves claims for insurance coverage stemming from a fatality which occurred in Shelton, Pierce County, Washington. Also, in accordance with Local Civil Rule 3(e), this case should be assigned to the Tacoma Division.

## II.     THE UNDERLYING ACTION

### A.  BACKGROUND FACTS

6.     Crum & Forster Specialty Insurance Company issued policy GLO-072219 to its named insured ASC Security & Investigations LLC, effective February 21, 2021 through February 21, 2022. That policy provided, among other coverages, commercial general liability insurance to ASC with minimum limits of $1 million each occurrence. A true and correct copy of the policy is attached as Exhibit B.

7.     According to the complaint in the underlying action, on or about February 14, 2022, Gary Irvin, aged 85, was driving his pickup truck east on E. Railroad Ave., Shelton, Washington, at a high rate of speed. Mr. Irvin ran the stop sign at the intersection of E. Railroad Ave. and N. Front St., which is at the entrance of Sierra Pacific's plant. Mr. Irvin proceeded through the intersection without stopping and crashed into Sierra Pacific's "guard shack" located at the entrance to the Sierra Pacific plant, killing ASC employee Kyle Ford, who was inside the guard shack pursuant to his employment with ASC.

8.     The Estate of Kyle Ford filed suit in Pierce County, Washington, Superior Court for wrongful death against driver Gary Irvin and Sierra Pacific Industries. The complaint does not allege

that any acts or omissions on the part of Mr. Ford or ASC had any causal relationship to Mr. Ford's death, and indeed specifically alleges no comparative fault, at Count VIII. The Estate of Ford did not name ASC as a defendant in the underlying action.

9. With regard to Sierra Pacific, the underlying complaint alleges that Sierra Pacific had actual knowledge that the guard shack was particularly vulnerable to errant vehicles due to its location at the end of an intersection facing the oncoming traffic lane, and that it had indeed been struck or subject to "near misses" several times in the past, all of which was known to Sierra Pacific, but about which Sierra Pacific did nothing.

### B.  THE MSA

10. ASC was hired by Sierra Pacific to provide security services at its facilities in Western Washington pursuant to a Master Services Agreement dated January 1, 2022, to be based on Work Authorizations issued from time to time. The Work Authorization at issue here, pertinent to its Shelton, Washington, plant, read in its entirety:

> Contractor shall provide (1) main gate guard 24/7, (1) south gate guard as agreed upon and (1) rover as agreed upon. Both company and contractor agree to work together on schedules regarding the amount of security that will be needed.

True and correct copies of the MSA and Work Authorization are attached as Exhibit C.

11. The contract required ASC to procure and maintain at its own expense CGL insurance with minimum limits of $1 million each occurrence, including a waiver of subrogation, covering ASC's liability

> arising from premises, operations… independent contractors, personal injury and advertising injury, and liability assumed under an insured contract…. Such CGL insurance shall name and include [Sierra Pacific] and all parents, subsidiaries and affiliates… and their respective officers, directors, agents and employees… as additional insureds….

12. The MSA also purports to require ASC to indemnify Sierra Pacific and hold it harmless "…from and against all claims, liabilities, losses, damages or expenses arising out of or relating to all acts, failures to act or other conduct of [ASC] …, whether occurring in connection with [ASC's] completed or ongoing operations,… arising out of or relating in part to the active negligence or other fault of any one or any combination of [Sierra Pacific or ASC]."

### III.    THE POLICY AND ANALYSIS

13.    Crum & Forster Specialty Insurance Company's policy provided, among other coverages, commercial general liability insurance to ASC with minimum limits of $1 million each occurrence. The policy provides the following insuring agreement:

**Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However:
> b. This insurance applies to "bodily injury" and "property damage" only if:
>> 1. The "bodily injury" or "property damage" is caused by an "occurrence" that takes places in the "coverage territory"
>> 2. The "bodily injury" or "property damage" occurs during the policy period; and
>
> * * *
>
> e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

The policy defines "bodily injury" as follows:

> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

It defines an "occurrence" as:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    Sierra Pacific tendered defense and indemnity of the Underlying Action to Crum & Forster. Crum & Forster declined coverage, as well as defense.

15.    As for Sierra Pacific's status as an Additional Insured, the policy provides an "Additional Insured-Designated Person or Organization" endorsement which modifies the standard policy wording. It confirms that

> Any person or organization you have agreed in a written contract to add as an additional insured on your policy provided the written contract is

executed prior to the "bodily injury", "property damage" or "personal and advertising injury".

16. Sierra Pacific comes within the scope of the "additional insured" definition in the policy. However, the scope of coverage allowed an "additional insured" is limited:

*A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:*

*1. In the performance of your ongoing operations;*

*2. In connection with your premises owned by or rented to you;*

17. All references to "you" and "your" refer to the named insured, ASC. Accordingly, Sierra Pacific's status as an additional insured is limited to "…liability for 'bodily injury' … caused, in whole or in part by [ASC's] acts or omissions, or the acts or omissions of those acting on [ASC's] behalf… in the performance of [ASC's] ongoing operations."

18. Based on the allegations in the Underlying Action, Mr. Ford was physically present in the guard shack at the time of the accident and of his death. However, nothing he or ASC did or did not do had any causal relation to his death.

19. The policy also contains a "Exclusion Worker Injury" endorsement, which provides in pertinent part:

**Section I Coverages, 2. Exclusions** is amended as follows:

    **A.**    Exclusion **e. Employers Liability** is deleted in its entirety.
    **B.**    The following additional exclusion applies:

This insurance does not apply to:

(1). "Bodily injury" to any "employee" of any insured arising out of or in the course of:
    a.    Employment by any insured; or

    b. Performing duties related to the conduct of any insured's business;
(2) "Bodily injury" to:
  a. Any contractor, subcontractor or any other person; or
  b. any "employee," … hired, engaged or retained in return for compensation by … such contractor, subcontractor or other person arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:
  c. For or on behalf of any insured; or
  d. For which the insured may become liable in any capacity; or
(3) Any obligation to contribute to, share damages with, repay or indemnify someone else who must pay damages because of such "bodily injury";

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to all claims and "suits" by any person or organization for damages because of such "bodily injury," including damages for care and loss of services and any claim under which any insured may be held liable under any workers compensation law.

## IV.    *CAUSE OF ACTION – DECLARATORY JUDGMENT*

20. There is a clear and present dispute concerning whether or not Crum & Forster owes a duty to defend and/or indemnify Sierra Pacific as an Additional Insured for any and all claims asserted against it in the Underlying Action, or arising from it.

21. Crum & Forster is entitled to a declaration that it has no obligation to defend or indemnify Sierra Pacific from any and all claims asserted against it in the Underlying Action, or arising from it.  Crum & Forster has no satisfactory remedy at law outside of this action and now requests this Court to make a declaration of the rights and obligations of the parties under the above-mentioned contract of insurance.

## V.    *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff having stated a cause of action against Defendant, hereby prays for relief as follows:

For an order declaring the relative rights and responsibilities of the parties under the contract of insurance at issue herein;

For an order declaring that Crum & Forster does not owe a duty to defend and or indemnify Sierra Pacific under the Crum & Forster policy with respect to claims asserted in the Underlying Action, or arising from it;

For all actual and reasonable costs of this litigation, including, but not limited to, reasonable attorneys' fees to the extent allowable in law or equity;

For statutory taxable costs and attorneys' fees; and

For such other and general relief as the Court deems just and equitable.

DATED: March 1, 2023

KENNEDYS CMK LLP

By: /s/ *Jonathan W. Thames*
JONATHAN W. THAMES
Attorneys for Plaintiff
CRUM & FORSTER SPECIALTY INSURANCE COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such Filing to the attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED: March 1, 2023

KENNEDYS CMK LLP

By: /s/ *Jonathan W. Thames*
JONATHAN W. THAMES
Attorneys for Plaintiff
CRUM & FORSTER SPECIALTY INSURANCE COMPANY