UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC INDUSTRIES, INC., | CASE NO. 3:23-cv-5163 MJP<br><br>ORDER DENYING MOTION TO DISMISS |

This matter is before the Court on Defendant Sierra Pacific Industries, Inc.'s Motion to Dismiss. (Dkt. No. 9.) Having reviewed the Motion, the Opposition (Dkt. No. 13), the Reply (Dkt. No. 16), and all other materials and documents, the Court DENIES the Motion to Dismiss. Defendant also requests the Court take judicial notice of two documents (Dkt. No. 8), which the Court GRANTS in part and DENIES in part.

**BACKGROUND**

Sierra Pacific Industries ("SPI") operates a lumber mill in Shelton, Washington. (MTD at 3.) SPI contracted with ASC Security & Investigations, LLC ("ASC") to provide security

services under a Masters Services Agreement ("MSA"). (Id.) The MSA states that ASC shall provide "(1) main gate guard 24/7, (1) south gate guard as agreed upon and (1) rover as agreed upon." (MTD, Exhibit C at 18 (Dkt. No. 9-3).) The MSA also has an indemnification clause that states ASC and SPI shall indemnify and hold harmless the other from all claims arising out of or relating to all acts, failures to act or other conduct of the indemnitor. (Id. at 7.)

In addition to the security services, ASC agreed to add SPI as an additional insured under a commercial general liability policy issued by Crum & Forster ("C&F"). (MTD at 3.) The policy contains two provisions that appear to be at issue here. First, the provision that names SPI as an additional insured states that the policy is amended to include SPI as an additional insured, "but only with respect to liability for 'bodily injury,' 'property damage' or 'personal and advertising injury' caused, in whole or in part, by [ASC's] acts or omissions or the acts or omissions of those acting on [ASC's] behalf: (1) in the performance of [ASC's] ongoing operations . . ." (MTD, Exhibit B at 39 (Dkt. No. 9-2).) The second provision is an Employers Liability Coverage Endorsement for Washington, which states C&F "will pay those sums that the insured becomes legally obligated by Washington Law to pay as damages because of 'bodily injury by accident' or 'bodily injury by disease' to your 'employee' to which this insurance applies . . ." (Id. at 33.)

On February 14, 2022, a pickup truck struck the SPI guard house and killed the ASC security guard inside. (MTD at 3.) The estate of the deceased filed a complaint in Pierce County Superior Court against the driver of the vehicle and SPI. (Opposition at 3.) The complaint alleges that SPI knew the guard house was vulnerable to errant vehicles due to its location and that it had been subject to "near misses" in the past, but that SPI failed to take any action to protect the guards. (Id.) SPI tendered its defense to C&F, who denied the tender on the grounds that SPI's

liability was not caused, in whole or in part, by any act or omission of ASC in the performance of ASC's ongoing security operations. (MTD at 4.) C&F also allegedly denied the existence of the Washington State Employer's Liability Coverage and instead relied on a general worker injury exclusion endorsement. (Id.)

Following the initial complaint filed in Pierce County, SPI made a third-party complaint against ASC. (See Request for Judicial Notice Exhibit 1 (Dkt. No. 8-1).) SPI is suing ASC for two breach of contract claims, one is a claim for breach of contract on the agreement to procure insurance, the second breach of contract claim is breach of delegated duty for workplace safety of ASC employees. (Id. at 4-5.) SPI is also suing on indemnity claims and for declaratory relief. (Id. at 5-6.) In return, ASC asserted several affirmative defenses, including defenses that SPI has failed to state a claim upon which relief can be granted, and that any injuries or damages to SPI were not caused by any acts or omissions by ASC. (Id. at 7.) It appears C&F is defending ASC against SPI in this matter, and shortly before ASC filed its answer, C&F sought declaratory relief in this Court.

SPI seeks to dismiss the Complaint, arguing that on the face of the insurance policy there is conceivable coverage. In the alternative, SPI also requests the Court stay the case while the underlying state action is being litigated to avoid any duplicative or conflicting rulings.

**ANALYSIS**

A.  **Legal Standard**

    1.    Fed. R. Civ. P. 12(b)(6) Standard

When deciding a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6) standard, a court must construe the complaint in the light most favorable to the non-moving party and accept all well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon

1  Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

On a motion to dismiss, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (internal citation and quotation omitted). A court is permitted to take judicial notice of matters of public record outside of the pleadings. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

Under Federal Rule of Civil Procedure 12(d), if on a motion under 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. See Fed. R Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

      a.      Materials before the Court

C&F attached three exhibits to its Complaint for Declaratory Relief: (1) the Pierce County Complaint; (2) the insurance policy; and (3) the MSA. (See Complaint Exhibits 1-3 (Dkt. Nos. 1-1, 1-2, 1-3).) These form the basis for the action and are proper for the Court to consider.

SPI requests the Court take judicial notice of two documents. (Dkt. No. 8.) A court may take judicial notice of facts that are "not subject to reasonable dispute," Fed. R. Evid. 201(b), as well as documents that are referred to in the complaint, that are central to the plaintiff's claims, and whose authenticity is not disputed. See, e.g., Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). A court may also take judicial notice of undisputed matters of public records. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The first document SPI requests judicial notice of is ASC's Answers to SPI's Amended Complaint and Third-Party Claim filed in the

Pierce County Action. (Request at 1-2.) SPI argues this document is relevant to their request to stay the case if it is not dismissed. Because this is a public record, the Court may take judicial notice of it. The Court GRANTS the request as to this document.

The second is ASC's responses to interrogatories, response number 1. (Id. at 2.) SPI states the basis for this judicial notice is to demonstrate that C&F is in privity with ASC in the underlying action. The point of the request goes to reasons why SPI believes a stay is in order while the underlying action is pending. But demonstrating privity is not a basis for judicial notice. The Court DENIES the request as to this document.

Lastly, SPI filed an objection to C&F's counsel's declaration and exhibits in support of the opposition. (Dkt. No. 18.) The Court notes that this should be a motion to strike so that C&F has the opportunity to respond. Regardless, if the Court were to consider the deposition testimony it would need to convert the motion to a motion for summary judgment and provide the parties with an opportunity to file additional materials. The Court finds that unnecessary at this stage. As such, the Court will not consider the deposition testimony in its ruling on the Motion to Dismiss.

**B.      Fed. R. Civ. P. 12(b)(6) and Declaratory Relief**

Pursuant to the Declaratory Judgment Act, the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). The Washington State Supreme Court previously recognized that insurers "may sue for a declaratory judgment before they undertake a defense, to determine their liability." Tank v. State Farm Fire & Cas. Co., 105 Wn.2d 381, 391 (1986). "Where the critical issue for purposes of coverage will not be decided in the [underlying] tort action . . . the Courts of Appeals have uniformly held that is an abuse of discretion for a District

Court to dismiss declaratory judgment actions brought by insurance carriers." Globe Indem. Co. v. First Am. State Bank, 720 F. Supp. 853, 858 (W.D. Wash. 1989), aff'd, 904 F.2d 710 (9th Cir. 1990).

In the insurance context, Washington courts recognize that the duty to indemnify is narrower than the duty to defend. Am. Best Food, Inc. v. Alea London, Ltd., 168 Wn.2d 398, 404 (2010). Although the duty to indemnify arises only if the policy "*actually covers*" the insured's liability, the duty to defend is triggered if the policy "*conceivably covers*" the allegations in the underlying complaint. Id. (emphasis in original). In evaluating whether an insurer owes a duty to defend, the Court must ordinarily look within the "eight corners" of the insurance contract and the underlying complaint, which it must "construe liberally," to determine whether the alleged facts could, if proven, impose liability on the insured that would be covered under the policy. See Expedia, Inc. v. Steadfast Ins. Co., 180 Wn.2d 751, 760 (2002).

Here, SPI argues that C&F's claim fails to state a cause of action for four reasons:

"[1] The Estate of Kyle Ford's complaint alleges that, at the time of his death, decedent Kyl Ford was an ASC employee performing security as part of ASC's ongoing operations. This included assessing the security risk of traffic approaching SPI's main gate and admitting or denying entry accordingly.

[2] The Estate of Ford's underlying complaint alleges SPI has vicarious liability for the acts of its agents. This includes apparent authority for ASC.

[3] The policy contains Washington State Employer's liability coverage promising to defend and indemnify SPI for bodily injury to an ASC employee as part of ASC's ongoing operations for SPI.

[4] The policy's 'separability clause' treats SPI as the only insured. Because Mr. Ford was not an SPI employee, the general employee exclusion doesn't apply."

(Motion at 4.)

All of these arguments require the Court to reach the merits of the case rather than test the sufficiency of the complaint. Typically, declaratory actions are decided on motions for

summary judgment, rather than motions to dismiss. This is because declaratory actions are seeking clarification on a party's rights and obligations. And while all a court needs to make that determination is typically the "eight corners" of the insurance contract and underlying complaint, which can be before a court on a 12(b)(6) motion, the standard the court must apply is different. Under a Rule 12(b)(6) framework, the Court is to construe all well-pleaded allegations as true and draw all reasonable inferences in the non-moving party's favor. Applying the test, the Court would have to construe the scope of the additional insured clause in favor of C&F, as well as C&F's arguments regarding Ford's acts or omissions and the definition of "ongoing operations." The Court concludes C&F has pleaded a plausible claim for relief. If it were to analyze the issues SPI claims are grounds for dismissal, it would be deciding the case on the merits. Instead, the Court merely concludes that C&F's Complaint for Declaratory Relief survives a Rule 12(b)(6) motion to dismiss. For this reason, the Court DENIES the Motion to Dismiss.

C.     **Request to Stay the Action**

In the alternative, SPI asks the Court to stay the case pending resolution of the third-party suit in state court. (Motion at 13-14.) C&F opposes a stay, but informs the Court that before this motion was filed, the parties were mediating these coverage issues. (Opposition at 3.) C&F asks that if the Court does not intend to deny SPI's motion that it request the Court take the motion off the calendar pending the outcome of the settlement negotiations. (Id.) Because of the time that has passed since the filing of the motion and this Order, the Court requests a status update from the parties as to the settlement negotiations and the underlying state court case. The parties are ORDERED to provide a status update within ten days of this Order. Absent an understanding of these matters, the Court cannot grant the request to stay. Therefore, the Court DENIES the request to stay without prejudice to bring once the Court is apprised of the underlying matters.

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated September 5, 2023.

3    
             Marsha J. Pechman
4            United States Senior District Judge